The State vs. Harshaw.   The State vs. Sawyer and others.

=====

THE STATE, Respondent, vs. HARSHAW, imp., Appellant.
THE STATE, Respondent, vs. SAWYER and others, imp., Appellants.

*September 12, 1892 — April 11, 1893.*

*State treasurer: Ownership of public funds: Liability for interest received on deposits in bank: Official bond.*

1. The state treasurer and the sureties on his official bond are liable to the state for interest received by him from banks on state funds deposited therein in his name as treasurer, with interest thereon from the close of his official term. *State v. McFetridge, ante,* p. 473, followed.
2. Where such interest was received by a person other than the treasurer, and deposited in a bank in the name of its president as trustee, the latter being a surety on the treasurer's bond, the state may recover the amount so received and deposited.

APPEALS from the Circuit Court for *Dane* County. The opinion states the facts.

*Chas. W. Felker,* attorney, and *J. V. Quarles,* of counsel, for the appellants, contended, *inter alia,* that the finding and judgment cannot logically rest on the opinion filed by the trial court.   If the dealings of the treasurer with the public funds were unlawful, his acts were never adopted or

ratified by the state so as to entitle it to stand as principal in the contract and demand the fruits thereof. *State v. Buttles*, 3 Ohio St. 319; *State v. Keim*, 8 Neb. 63; Mechem, Agency, secs. 111–126, 130, 136; *Cook v. Tullis*, 18 Wall. 332–338; *Coleman v. Darling*, 66 Wis. 160; *McCracken v. San Francisco*, 16 Cal. 623; *Taymouth Tp. v. Koehler*, 35 Mich. 22–27; *Marsh v. Fulton Co.* 10 Wall. 676–684; *Zottman v. San Francisco*, 20 Cal. 96; *People v. Swift*, 31 id. 28; *Rochester v. Alfred Bank*, 13 Wis. 440; *Dispatch Line v. Bellamy Mfg. Co.* 12 N. H. 232, 37 Am. Dec. 203; *Pratt v. Swanton*, 15 Vt. 147, 157; *North Star B. & S. Co. v. Stebbins*, 48 N. W. Rep. (S. Dak.), 833; *Galloway v. Hamilton*, 68 Wis. 652–656; *Palmer v. Williams*, 24 Mich. 328; *Spofford v. Hobbs*, 29 Me. 148, 48 Am. Dec. 521; *Clealand v. Walker*, 11 Ala. 1058, 46 Am. Dec. 238; *Delafield v. Illinois*, 2 Hill, 175; *Clark v. Janesville*, 13 Wis. 419; *People v. Phœnix Bank*, 24 Wend. 431; *Concord Bank v. Gregg*, 14 N. H. 331; *Newsom v. Hart*, 14 Mich. 233–237; *State v. State Bank*, 5 Ind. 358; *Harrison v. McHenry*, 9 Ga. 164; *State v. Torinus*, 24 Minn. 334. If the state must trace its title to the money in suit through the contract made by its agent with the banks, and if, as assumed by the trial court, such contract was unlawful, a recovery is blocked by the maxim "*Ex turpi causa non oritur actio.*" *Melchoir v. McCarty*, 31 Wis. 254; *Wells v. McGeoch*, 71 id. 234; *Clarke v. Lincoln L. Co.* 59 id. 657; *Day v. McAllister*, 15 Gray, 433; *Chippewa V. & S. R. Co. v. C., St. P., M. & O. R. Co.* 75 Wis. 224; *Hardy v. Stonebraker*, 31 id. 647; *Murdock v. Kilbourn*, 6 id. 470; *McLain v. Hoffman*, 30 Ark. 428; *Worthington v. Black*, 13 Ind. 344; *Gardner v. Grubb*, 4 Houston (Del.), 448; *Jackson v. McLean*, 100 Mo. 130; *Watson v. Murray*, 23 N. J. Eq. 257–261; *Gould v. Kendall*, 15 Neb. 549; *Cook v. Sherman*, 20 Fed. Rep. 167; *Dent v. Ferguson*, 132 U. S. 50; *Armstrong v. Am. Ex. Nat. Bank*, 133 id. 433–469; *Den ex dem. Wooden v. Shotwell*, 24

N. J. Law, 791; *Sykes v. Beadon,* 11 Ch. Div. 170, 27 Moak's Eng. 235–256; *Thomson v. Thomson,* 7 Ves. Jr. 473; *Fales v. Mayberry,* 2 Gall. 562–3; *Caldwell v. Harding,* 1 Lowell, 330; *Leonard v. Poole,* 55 N. Y. Super. Ct. 213; *Clements v. Yturria,* 81 N. Y. 291.

The moneys paid by the banks to the defendant cannot be considered as an increment of the state fund. They were not paid as interest but were intended as perquisites or gratuities to the defendant personally. They were the perquisites referred to in ch. 341, Laws of 1876. See *Hughes v. People,* 82 Ill. 80; *Supervisors v. Wandel,* 6 Lans. 38. Neither the defendant *Harshaw* nor the state could have recovered anything from the banks by reason of the deposits, because there was no contract to pay anything. See *Ætna Ins. Co. v. Church,* 21 Ohio St. 492–498; Story, Agency, sec. 207; Mechem, Agency, sec. 472. The state cannot recover by showing a defect in defendant's title to the money. *De Groot v. Van Duzer,* 20 Wend. 393; *State v. State Bank,* 5 Ind. 358; *Den ex dem. Wooden v. Shotwell,* 24 N. J. Law, 794; *Woodworth v. Bennett,* 43 N. Y. 278; *Oscanyan v. Arms Co.* 103 U. S. 268; Perry, Trusts, sec. 424. The treasurer can be held liable on no theory except that he is a common-law trustee and that the general rules of the common law govern the conduct of state officers. But there is no analogy between the state treasurer, who is a constitutional public officer with duties and liabilities created by statute, and a common-law bailee or trustee. Where the liability of a public officer is absolute he is not a common-law bailee or trustee and is not liable for any profit made by deposit of the public funds. *Harrington v. Hoggart,* 1 Barn. & Ad. 584, 20 Eng. C. L. 577; *Browne v. Southouse,* 3 Brown, Ch. 106; *Omro v. Kaime,* 39 Wis. 468–473; *U. S. v. Prescott,* 3 How. 578; *New Providence v. McEachron,* 33 N. J. Law, 339; *Wilson v. Wichita,* 67 Tex. 647–9; *Perley v. Muskegon Co.* 32 Mich. 132; *State v.*

*Harper,* 6 Ohio St. 607; *Muzzy v. Shattuck,* 1 Denio, 233–8; *Renfroe v. Colquitt,* 74 Ga. 618; *Shelton v. State ex rel. Morgan Co.* 53 Ind. 331; *Halbert v. State ex rel. Martin Co.* 22 id. 125; *Rock v. Stinger,* 36 id. 346–8; *Linville v. Leininger,* 72 id. 491; *Brown v. State ex rel. Field,* 78 id. 239; *Bocard v. State ex rel. Stevens,* 79 id. 270; *Colerain v. Bell,* 9 Met. 499; *Egremont v. Benjamin,* 125 Mass. 19; *Hancock v. Hazzard,* 12 Cush. 112; *R. R. Nat. Bank v. Lowell,* 109 Mass. 214, 67 Am. Dec. 365, note; *U. S. v. Prescott,* 3 How. 578; *U. S. v. Morgan,* 11 id. 160; *U. S. v. Dashiell,* 4 Wall. 185; *U. S. v. Keehler,* 9 id. 88; *Boyden v. U. S.* 13 id. 24; *Bevans v. U. S.* id. 62; *U. S. v. Thomas,* 15 id. 337; *Comm. v. Comly,* 3 Pa. St. 372; *Comm. v. Baily,* 129 id. 480; *Wayne Co. v. Bressler,* 32 Neb. 818; *Comm. v. Godshaw,* 17 S. W. Rep. (Ky.), 737; *Cook v. McCabe,* 53 Wis. 258–9. [Counsel also argued other propositions discussed in the briefs in the case of *State v. McFetridge, ante,* p. 473.]

The *Attorney General* and *R. M. Bashford,* attorneys, and *William F. Vilas,* of counsel, for the respondent. [The briefs for the respondent in this case were substantially the same as in *State v. McFetridge, ante,* p. 473.]

˙ The following opinion was filed January 10, 1893:

LYON, C, J.   There are two appeals in this action,— one by the defendant *Henry B. Harshaw,* and the other by all the remaining defendants.   Such appeals are from the judgment of the circuit court in favor of the state and against all the defendants.

The defendant *Harshaw* was state treasurer for the term commencing on the first Monday in January, 1889, and ending on the first Monday in January, 1891.   The defendants *Sawyer, Hay, McMillen, Porter,* and *Hooper,* together with Charles B. Clark, now deceased, are the sureties in his official bond as such treasurer.   The action is to recover interest paid by banks on deposits therein of the pub-

lic funds made by Treasurer *Harshaw* in his name of office. It is like the case of *State v. McFetridge, ante,* p. 473, except that, instead of receiving the interest on such deposits himself, Treasurer *Harshaw* and his sureties, or some of them, secured the services of the defendant *Schriber* to collect and receive it.   *Schriber* received over $62,000 of such interest, and deposited the same in the defendant *The National Bank of Oshkosh,* of which he was cashier, in the name of the defendant *S. M. Hay,* trustee.   *Hay* is a surety in such bond, and the president of the defendant bank.   The money still remains there on deposit.   The action is in equity, for an accounting of such interest, and to reach such deposit in the defendant bank.

The court held the defendant *Harshaw* and his sureties. liable for the amount of such interest, with interest thereon from the close of his official term, with costs.   It also held defendant *Schriber* and the bank liable for the amount thus deposited, but not for interest thereon or costs.   Judgment was entered for the state, accordingly, which provided that, when the amount of such deposit should be paid, the same should be applied upon the judgment against treasurer *Harshaw* and his sureties.

In respect to the liability of the defendants *Harshaw* and his sureties, the case is ruled by the *McFetridge Case.* There can be no doubt that the state is entitled to recover the interest realized on its funds, and deposited in the defendant bank by *Schriber.*

*By the Court.*— The judgment of the circuit court is affirmed on both appeals.

PINNEY, J., took no part.

A motion for a rehearing on the appeal of the defendants *Sawyer* and others was denied April 11, 1893.   See the opinion, *ante,* p. 530.